(No. 1132—Claimant awarded $2,500.00.)

GEORGE KATANICH, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1927.*

NON-LIABILITY OF STATE—*Posse comitatus. State not liable.* The State is not liable for injuries sustained by a member of a *posse comitatus* in the apprehension of an escaped convict from its State penitentiary.

EQUITY & GOOD CONSCIENCE—*award may be made.* While the State is not liable for injuries sustained by a member of a *posse comitatus*, yet an award may be made to such member on grounds of equity and good conscience.

ROBERT E. LARKIN, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed in this case alleges that on May 5, 1926, Charles Shader, No. 8266; Charles Duschswski, No. 8667;

James V. Price, No. 9103; one Vernardo Roa, No. 9083; Robert Torrez, No. 9084; one Gregerio Rizo, No. 9389, and one Walter Spalesky, No. 7132, were inmates of the Illinois State Penitentiary, at Joliet, Illinois, legally confined therein by judgments of courts of competent jurisdiction, for crimes committed within the State of Illinois, and were then and there serving sentences imposed upon them and each of them by said courts for said crimes, and said convicts on said day, without any warrant or authority, committed an act of riot, killed the assistant warden of the State penitentiary, and made an unlawful escape from said penitentiary; that said convicts, after such escape, came to the village of Leonore on the same date, and at or about the same time certain policemen of, for and from the city of Streator, Illinois, in compliance with the legal duty then and there imposed upon them, began a search for said convicts, and in making such search came to said village of Leonore and entered plaintiff's place of business, a soft drink parlor, and ordered said plaintiff to join the *posse commitatus* and join in the search for said convicts; that said plaintiff then and there complied with such order and joined such *posse commitatus;* that about 10:00 o'clock p. m., of the date above mentioned, said convicts were apprehended in said village of Leonore, and an attempt to capture them was made, and while so attempting to capture said convicts, plaintiff was then and there wounded, to-wit, said convicts then and there being armed with revolvers, pistols, guns and firearms loaded with powder and leaden bullets, fired said pistols, revolvers, guns and firearms at and toward said plaintiff, while he, said plaintiff, was in the discharge of his duty as a member of said *posse commitatus;* that seven leaden bullets so fired from said firearms, as aforesaid, by force of the gunpowder aforesaid, struck plaintiff at divers places upon his body, to-wit, one of said bullets striking plaintiff in the lower right side of the abdomen and piercing through the body; one bullet striking the left side of the abdomen and passing through the body; three of said bullets striking and lodging in the left groin, and two of said bullets entering and passing through the right thigh; and plaintiff claims damages in the sum of $2,500.00.

To the declaration filed by claimant, a demurrer was filed by the Attorney General, which, as a matter of law, is sustained.

A statement filed by the Attorney General sets forth that he believes the claimant has made a fair statement of the facts in this case. While there is no legal obligation on the part of the State of Illinois to compensate claimant on account of the injuries received, on the grounds of equity and good conscience, we award claimant the sum of $2,500.00.